22-C-01987-S2

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-01987-S2
4/6/2022 9:43 AM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** GWINNETT _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
BRISTOL, JUNE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
WALMART INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| WAL-MART STORES EAST, LP (Delaware) | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** STEPHEN A. SHEA          **Bar Number** 102908          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Exhibit A

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01987-S2**
**4/6/2022 9:43 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**JUNE BRISTOL** _____

_____

_____

PLAINTIFF

VS.

**WALMART, INC. and WAL-MART**

**STORES EAST, LP**

**(DELAWARE)**

DEFENDANT

22-C-01987-S2

CIVIL ACTION
NUMBER:_____

## SECOND ORIGINAL

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Stephen Shea, Esq.
Lamar Law Office, LLC
P.O. Box 2558
Tucker, GA 30085

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

6th day of April, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

04/19/2022

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 22-C-01987-S2

Date Filed April 6, 2022

Attorney's Address

Stephen Shea, Lamar Law Office, LLC

P.O. Box 2558

Tucker, GA 30085

Name and Address of Party to Served

Walm-Mart Stores East, LP (Delaware)

c/o Corporation Company (FL)

106 Colony Park Drive, Suite 800-B
Cumming, GA 30040-2794

| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, FORSYTH                COUNTY

JUNE BRISTOL

_____
                                    Plaintiff

VS.

WALMART INC. and WAL-MART STORES

EAST, LP (DELAWARE)
                                    Defendant

_____

_____
                                    Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☒ Served the defendant _____ The   corporation   company _____ a corporation
by leaving a copy of the within action and summons with _____ cashier   teller _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This ___ day of _____, 20 ___                                    _____

DEPUTY

**CLERK'S COPY**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01987-S2**
**4/6/2022 9:43 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JUNE BRISTOL,** | |
| Plaintiff, | **CIVIL ACTION** 22-C-01987-S2 |
| v. | **FILE NO.:** _____ |
| **WALMART INC. and WAL-MART STORES EAST, LP (DELAWARE),** | |
| **Defendants.** | |

### COMPLAINT FOR DAMAGES

COMES NOW **JUNE BRISTOL** (hereinafter "Plaintiff"), and files this Complaint against Defendant Walmart Inc. (hereinafter "Defendant Walmart Inc."), and Defendant Wal-Mart Stores East, LP (Delaware) (hereinafter "Defendant Wal-Mart East") (Defendant Walmart, Inc. and Defendant Wal-Mart East hereinafter jointly identified as "Walmart Defendants") and shows this Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident and citizen of the State of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant Walmart Inc. d/b/a Walmart #1720 located at 1550 Scenic Highway North, Gwinnett County, Georgia 30078 is a foreign for-profit corporation existing under the laws of the state of Delaware and it authorized to do business in Georgia. Defendant Walmart Inc. may be served through its registered agent, the Corporation Company (FL), at 106 Colony Park Drive,

04/19/2022

Suite 800-B, Cumming, Forsyth County, Georgia, 30040-2794 and is subject to the jurisdiction of this Court.

3.

Venue is proper as to Defendant Walmart Inc.

4.

Subject matter jurisdiction is proper in this Court as to Defendant Walmart Inc.

5.

Defendant Wal-Mart East d/b/a Walmart #1720 located at 1550 Scenic Hwy N, Gwinnett County, Georgia 30078 is a foreign limited liability corporation existing under the laws of the state of Delaware and is authorized to do business in Georgia. Defendant Wal-Mart East may be served through its registered agent, The Corporation Company (FL), at 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia, 30040-2794 and is subject to the jurisdiction of this Court.

6.

Venue is proper as to Defendant Walmart East.

7.

Subject matter jurisdiction is proper in this Court as to Defendant WALMART EAST.

## BACKGROUND

8.

This is a negligence action brought by Plaintiff to recover damages sustained as a result of Walmart Defendants' failure to keep the premises of Walmart #1720 located at 1550 Scenic Highway North, Gwinnett County, Georgia 30078 ("subject premises") in a safe condition, which ultimately caused Plaintiff to suffer personal injuries when she slipped and fell at the subject premises.

2

04/19/2022

9.

On or about December 21, 2020, Plaintiff was a business invitee at the subject premises which is owned, operated, and/or managed by Walmart Defendants.

10.

At all times pertinent to this Complaint, Walmart Defendants expressly or impliedly induced or led Plaintiff to come upon said premises for a lawful purpose.

11.

At all times pertinent to this Complaint, Walmart Defendants controlled and maintained all areas of the subject premises and held it open to its invitees, including Plaintiff, who was an invitee at all times discussed herein.

12.

At all times pertinent to this Complaint, Walmart Defendants failed to properly maintain the subject premises and allowed a wet substance and debris to accumulate on the floor.

13.

The accumulation of the wet substance and debris on the floor was a hazardous condition for invitees who were on the subject premises including Plaintiff.

14.

Walmart Defendants had superior knowledge to that of its invitees regarding hazardous condition.

15.

As a result of the dangerous condition, Plaintiff slipped and fell from the accumulation of the liquid left on the floor, which caused Plaintiff to suffer serious injuries.

3

16.

At all times pertinent to this Complaint, Plaintiff lacked knowledge of the accumulation of the liquid substance left on the floor.

17.

At all times pertinent to this Complaint, Plaintiff was exercising ordinary care and diligence under the circumstances then existing.

18.

Plaintiff would not have fallen at Walmart Defendants' premises had Walmart Defendants properly maintained the premises which it made available for Plaintiff's use while she was a business invitee on Walmart Defendants' premises.

## COUNT ONE – NEGLIGENCE OF DEFENDANTS

19.

The subject incident was directly and proximately caused by the negligence of Walmart Defendants.

20.

At the time of the subject incident, Walmart Defendants owed Plaintiff a duty to exercise ordinary care.

21.

At the time of the subject incident, Walmart Defendants owed Plaintiff a duty to create and maintain premises that were safe for use.

22.

At the time of the subject incident, Walmart Defendants failed to create and maintain premises that were safe for use.

4

23.

Plaintiff would not have slipped and fallen on Walmart Defendants' premises had Walmart Defendants properly maintained the premises which it made available for Plaintiff's use while Plaintiff was a business invitee on WALMART Defendants' premises.

24.

The subject incident was directly and proximately caused by the negligence of Walmart Defendants. Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. Williams v. GK Mahavir, Inc., 314 Ga. App. 758, 759–60, 726 S.E.2d 71, 74 (2012).

25.

Walmart Defendants, by and through their agents and employees, negligently operated the subject premises in a manner which permitted an unreasonably dangerous condition to exist on the subject premises, which is how Plaintiff was injured.

26.

At all times mentioned herein, Walmart Defendants, by and through their agents and employees, controlled and managed the subject premises, and Walmart Defendants had the legal duty to keep their premises and approaches safe, consistent with due regard of the safety of its invitees, including Plaintiff.

27.

Walmart Defendants, by and through their agents and employees, were negligent in failing to inspect, correct, clean up, remove, or repair the defective and hazardous conditions existing in its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

5

28.

Walmart Defendants, by and through their agents and employees, knew, or by the exercise of due care for the safety of their invitees, including Plaintiff, should have known of the defective and hazardous conditions existing in its premises and that the failure to inspect, correct, mark, remove or repair said conditions was likely to result in the precise injuries suffered by the Plaintiff.

29.

Although Walmart Defendants, by and through their agents and employees, knew or in the exercise of reasonable care should have known of the risks of injuries to its invitees from said defective and hazardous conditions existing in its premises, they negligently failed to take reasonable precautions to guard against the said conditions and failed to protect their invitees therefrom, including Plaintiff.

30.

Walmart Defendants, by and through their agents and employees, had actual knowledge of the defective and hazardous conditions existing in its premises through the direct knowledge of their employees and agents.

31.

Walmart Defendants, by and through their agents and employees, had constructive knowledge of the defective and hazardous conditions existing in its premises through the constructive knowledge of its agents and employees.

32.

Walmart Defendants, by and through their agents and employees, had actual and/or constructive knowledge of the defective and hazardous conditions on the property which was superior to the knowledge Plaintiff had of said conditions.

6

04/19/2022

33.

Walmart Defendants, by and through their agents and employees, were familiar with the type of defective and hazardous conditions existing on the subject premises and had actual or constructive knowledge of the defective and hazardous condition.

34.

Walmart Defendants, by and through their agents and employees, were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit:

a)      In failing to properly inspect, maintain, and clean up hazards on the premises;

b)      In knowingly allowing its invited guests to utilize an unsafe area of the premises;

c)      In failing to post warning signs or warning markings;

d)      In failing to properly train and supervise its employees at the facility in question with regard to the care of said premises;

e)      Failing to retain, entrust, hire, train, and supervise \said employees; and

f)      Failing to adopt appropriate policies and procedures to ensure that invitees receive appropriate notice or warning of hazardous conditions on the premises.

35.

Despite exercising ordinary care for her own safety, Plaintiff was physically injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the subject incident.

36.

As a direct and proximate result of Walmart Defendants' negligence, Plaintiff was physically injured and has experienced physical and emotional pain and suffering.

7

04/19/2022

37.

Plaintiff will continue to have physical injuries and will experience physical and emotional pain and suffering in the future as a direct and proximate result of the subject incident.

38.

Plaintiff will continue to need medical treatment in the future as a direct and proximate result of the subject incident.

39.

Plaintiff is entitled to an award of general damages from Walmart Defendants.

40.

Plaintiff is entitled to an award of special damages from Walmart Defendants.

41.

Plaintiff's injuries and damages resulting from the subject incident were directly and proximately caused by the negligence of Walmart Defendants.

42.

Plaintiff has incurred at least $63,415.33 in medical expenses as a direct and proximate result of the subject incident from the following providers:

a.  Northside Gwinnett Hospital          $20,205.50

b.  Gwinnett Emergency Specialist, PC     $ 1,695.00

c.  Eastside Medical Group               $    622.00

d.  Peachtree Rehab (Dr. Erin McKennan)   $ 6,892.00

e.  Barbour Orthopaedics and Sports Med  $17,928.67

f.  Hope Neurological & Medical Services  $18, 072.16

8

43.

Walmart Defendants are liable to Plaintiff for future medical expenses that Plaintiff must incur as a result of Walmart Defendants' negligence.

44.

Walmart Defendants are liable to Plaintiff for past pain and suffering that Plaintiff must incur as a result of Walmart Defendants' negligence.

45.

Walmart Defendants are liable to Plaintiff for future pain and suffering that Plaintiff must endure as a result of Walmart Defendants' negligence.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

WHEREFORE, Plaintiff prays for the following relief:

(a)     That Summons issue and a copy of this Complaint be served upon Defendant Walmart Inc. and Defendant Walmart East, as provided by law;

(b)     That Plaintiff receive judgment against Walmart Defendants for the medical expenses and other special damages she has and will continue to suffer as a result of the subject incident;

(c)     That Plaintiff receive judgment against Walmart Defendants for the general damages she has and will continue to suffer as a result of the subject incident, including but not limited to her physical pain, fright, shock, mental anguish, emotional distress, suffering, and other general damages as the result of the subject incident;

(d)     That Plaintiff receive judgment against Walmart Defendants for all other damages allowed under law;

9

(e)     That all costs of this action be cast against Walmart Defendants;

(f)     That Plaintiff receive a trial by a jury of twelve of the issues in this matter; and,

(g)     That this Honorable Court grant to Plaintiff such other and further relief as it may

deem equitable or appropriate.

Respectfully submitted this 6 April 2022.

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085                           /s/ Stephen A. Shea
                                            Anita M. Lamar
Telephone:     (678) 819-5200              Georgia Bar No.: 892383
Facsimile:     (678) 819-5276              Stephen A. Shea
Email:         sshea@atlantalegalcare.com  Georgia Bar No.: 102908
                                            Counsel for Plaintiff

10

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-01987-S2**

**4/6/2022 9:43 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JUNE BRISTOL,** | |
|       Plaintiff, | CIVIL ACTION   22-C-01987-S2 |
| | FILE NO.:  _____ |
| v. | |
| **WALMART, INC. AND WAL-MART STORES EAST, LP (DELAWARE),** | |
|       Defendants. | |

---

### PLAINTIFF JUNE BRISTOL'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

---

COMES NOW **JUNE BRISTOL,** Plaintiff in the above-styled civil action (hereinafter, "Plaintiff"), by and through undersigned counsel and in accordance with the applicable rules of civil procedure and rules of Court, requests that Defendant Walmart Inc. and Defendant Wal-Mart Stores, LP (Delaware) (hereinafter "Walmart Defendants" or the "responding Defendants") answer under oath the following interrogatories in the time and manner provided for by law and to serve counsel for Plaintiff with a copy of the answers. The following interrogatories are deemed to be continuing in nature and must be supplemented by the responding Defendants to the extent required by O.C.G.A. § 9-11-26(e).

In answering these interrogatories, the responding Defendants must furnish all requested information not subject to a valid objection which is known by, possessed by or available to them or any of their attorneys, consultants, representatives, or other agents. If the responding Defendants are unable to answer fully any of these interrogatories, they must answer them to the fullest extent possible, specifying the reasons for inability to answer the remainder, and stating whatever information, knowledge, or belief they have concerning the unanswerable portion.

Without being requested to do so by Plaintiff, the responding Defendants must reasonably supplement their answers to all interrogatories requesting the identification of persons having knowledge of discoverable matters and the identification of persons expected to be called as expert witnesses at trial.  Without being requested to do so by Plaintiff, the responding Defendants must also amend any answer when it is discovered to be no longer true, and circumstances are such that a failure to supplement is in substance a knowing concealment.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     The incident that occurred on or about December 21, 2020, on the premises of Walmart #1720 located at 1550 Scenic Highway North, Snellville, Gwinnett County, Georgia 30078, at issue in this litigation, is hereinafter referred to as "the subject incident."

2.     "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

3.     "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

2

4.      "Defendant," "you," or "your" refers to, without limitation, the responding Defendant and where applicable any predecessor, successor, attorney, agent, or representative of responding Defendant

5.      "Plaintiff" refers to, without limitation, the responding Plaintiff, and where applicable any predecessor, successor, attorney, agent, or representative of Plaintiff.

6.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.      Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## INSTRUCTIONS

1.      Whenever these interrogatories request information that is not available in the form requested but is available in another form or can be obtained elsewhere, so state or either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

2.      Each interrogatory should be construed independently and not with reference to any other interrogatory for purposes of limitation, except where specifically so designated.

3.      If any information, documents, or things requested herein are withheld under a claim of privilege, please provide sufficient information for this office to determine whether your claim is valid and made in good faith. In this regard, you should provide all information that the Court would need to rule upon your claim, which includes the following information with respect to all such information, documents, or things:

(a)      The type of information, document, or thing, its general subject matter, and the place and approximate date it was prepared or created;

3

(b)     The name and title of each person who prepared or created the information, document, or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)     A statement of the circumstances that bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(d)     The interrogatory numbers of each specification to which the document or thing otherwise would be responsive; and

(e)     The number of pages of the document, if applicable.

## INTERROGATORIES

1.     If you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, identify each and every fact upon which you rely in asserting each such defense, all documents which you contend support the assertions of the said defense, and all persons having custody and control of said documents.

2.     State whether Defendant Walmart Inc. and/or Defendant Wal-Mart Stores East, LP (Delaware) was the owner, operator, or manager of the premises known as Walmart #1720 located at 1550 Scenic Highway North, Snellville, Gwinnett County, Georgia 30078 on December 21, 2020, when the incident complained of occurred. If not, please give the correct name of the entity and owner of the premises at the time of the event.

3.     If the responding Defendants were not owners of the premises at the time of the occurrence in question, please state the nature of responding Defendants' relationship with the owners of the premises.

4

4.   Identify all written agency, franchise or other agreements between responding Defendants and any other entity involving the premises on which the Plaintiff sustained injury.

5.   Identify all oral and implied contracts or agreements between responding Defendants and any other entity involving the premises on which the Plaintiff sustained injury. In this context, "identify" means to precisely state the substance of such oral or implied contract or agreement as you contend it to be.

6.   Identify all primary insurance agreements (including self-insurance fund or risk pool fund) that exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment against you which may be entered in favor of the Plaintiff in this action, including the limits of liability contained in the terms of any such agreement; the legal names of each and every party to the agreement itself and to any further or subordinate agreement which in any way relates to the terms of any such agreement, and the amount of any deductible or self-insured retention.

7.   Identify all excess insurance agreements (including self-insurance fund or risk pool fund) that exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment against you which may be entered in favor of the Plaintiff in this action, including the limits of liability contained in the terms of any such agreement, the legal names of each and every party to the agreement itself, and to any further or subordinate agreement which in any way relates to the terms of any such agreement and the amount of any deductible, minimal underlying limits, or self-insured retention.

8.   Please state exactly how you contend that the subject incident occurred, describing in sequence the events that you contend occurred leading up to the same as seen by you, including by describing each and every thing that you contend the Plaintiff failed to do to

avoid the subject incident, each and every thing that you contend the Plaintiff did that contributed to the cause of the subject incident, and each and every act or omission that you committed that contributed proximately to cause the subject incident.

9. Do you contend that the plaintiff consumed alcoholic beverages or drugs at the time or immediately preceding the time of the incident?

10. Do you contend that a third party was contributorily negligent, and, if so, please describe this negligence by identifying each act or omission by the third party that you contend was negligent; any statute, law, regulation, or other authority that the third party's act or omission violated; every person who witnessed said act or omission or who has personal knowledge thereof; and all documents which evidence, reflect, or relate to any of the stated acts or omissions.  If you contend another party was wholly or partially responsible for damages sustained by the Plaintiff, please describe the act or acts which make the other party responsible, and identify the name, address, and telephone number of said party.

11. Please state whether there existed any procedure or program for the regular inspection of the premises, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof.  If so:

a. Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

b. State the regularity with which each such procedure or program was to be implemented or conducted if applicable; and

c. Identify all documents relating to such procedure or program and their findings.

12. Identify all services provided by responding Defendants or any entity hired by responding Defendants in connection with the maintenance of the premises on which the Plaintiff sustained injury and identify all persons who are/were responsible for inspecting or maintaining the location where the Plaintiff was injured from the date of loss.

13. Please state the names and addresses of all managers or persons having supervisory authority on the premises for the five years prior to the occurrence made the basis of this lawsuit.

14. Identify all advertising literature prepared or distributed by responding Defendants in connection with the marketing campaign regarding the subject premises within the past five (5) years.

15. Please identify (by name, date of birth, social security number, present or last-known address, present or last-known telephone number, present or last-known business affiliation, present or last-known business address, and present or last known business telephone number) and describe the substance of knowledge possessed by all persons known to you who:

a. saw, or claim they saw, all or any part of the occurrence complained of in this action;

b. who arrived or claimed to have arrived at the scene of the incident complained of in this action immediately or shortly after its occurrence;

c. have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation;

d. have relevant knowledge related to the incident complained of; and/or

e. who was not an eyewitness but has personal knowledge of any facts or circumstances upon which this claim is based as to any fact which you will seek to prove in support of your defense at any hearing or at trial in the above captioned matter.

7

16. Please state whether you or anyone acting on your behalf had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could have caused or contributed to the occurrence alleged in Plaintiff's Complaint. If your answer is in the affirmative, state the date you acquired such knowledge and/or information, what knowledge and/or information you had, and whether any remedial and/or corrective action was taken based upon such knowledge.

17. Please state, with respect to the premises where Plaintiff was injured, the following:

    a.    Whether any additions or changes in design or dimension were made to the premises on which the Plaintiff sustained injury from the date of the original construction thereof to the date of these interrogatories, and, if so, the dates and nature of any such changes;

    b.    The identity of the person or entity who made any such subsequent changes; and

    c.    The identity of the person or entity who designed any such subsequent changes.

18. Do you, your attorneys, your insurance carriers, or anyone acting on your or their behalf have or know of any photographs, motion pictures, videotapes, or other tangible or documentary evidence concerning any of the events and happenings alleged in this action? If so, identify each by stating the number of each type of evidence, the evidence's specific subject matter; the date it was made or taken; the name and last-known address of the person making or taking it; what each item purports to show, illustrate or represent; and all persons having custody of such item or items.

19. Was any investigation conducted or report generated regarding the subject matter of Plaintiff's complaint? If so, state the date and result of each such report or investigation, giving the name and address of any persons making an investigation or report, as well as the names and addresses of persons presently in possession of any such report.

20. Identify by providing the name, date of birth, social security number, present or last-known home address, present or last-known home telephone number, present or last-known business affiliation, present or last-known business address, and present or last-known business telephone number of each person who participated in the investigation of the subject incident for you or on your behalf not mentioned in the answer to the preceding interrogatory.

21. To your information or belief, was there any surveillance video or taking of photographs of any party? If so, identify all persons who now has or has had custody and/or control of any records, tapes, films, or other recordings of such surveillance, and identify each record, tape, film or other recording of such surveillance or any written document pertaining to such surveillance.

22. Have you or your counsel, agents, servants, employees, representatives, or others acting on your behalf obtained any oral or written statements from any person purporting to be a witness to any part of the incident in question, or from any person with respect to any other matter, contention or claim involved in this action? If so, with respect to each, identify the person or persons who have custody or control of any summarization of each oral or written statement, and the name and address of each person giving any such oral or written statement, and the names and addresses of those persons who obtained such oral or written statement. (For the purpose of this interrogatory, a written statement is one that is signed, or otherwise adopted or approved by the person making it, stenographic, mechanical, electrical, or other recording or transcription thereof that is substantially verbatim recital or an oral statement by the person making it, and contemporaneously recorded).

9

23. Identify all slip-and-fall and trip-and-fall personal injury claims that were made against responding Defendants during the seven (7) years preceding the date of the subject incident, and in reference to the individuals involved, please state the following:

   a. The date of which the injury was alleged to have occurred;

   b. the exact location where the individual sustained injury;

   c. the cause which said individual alleges was responsible for the injury;

   d. the names, addresses, and telephone numbers of those making such claims and of their legal representatives; and

   e. The name, address, telephone number, present place of employment, work telephone numbers, job titles, or capacities and present whereabouts of any and all persons having knowledge regarding said incident.

24. Please identify each person whom Defendant expects to call as an expert witness at the trial of this case, and in connection with each such person, please state the subject matter on which such expert is expected to testify, as well as the substance of the facts and opinions as to which each such expert is expected to testify, and a summary of the grounds for each opinion.

25. If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

26. Please state whether or not you have retained any expert witness or professional consultant to make an evaluation or investigation of the cause of the incident which is the subject of the litigation; and, if so, please give the name and address of each expert, the date such expert was retained, the nature of the investigation, the date or dates upon which said expert made an inspection of the premises or things involved in this litigation, whether or not such expert

10

has rendered a written report and, if so, the date and author thereof and the name and address of all persons presently having custody of the original or a copy thereof, and whether said expert is expected to testify as an expert witness

27. Identify the person or persons who assisted in any way in responding to Plaintiff's Interrogatories (including subsequently served interrogatories) in this case, by stating the person(s) name, address and telephone number and specify the particular response or responses to which each person responded.

28. Is there any information, document or tangible item that you did not produce or identify in response to Plaintiff's discovery requests because you contend that it is protected by the attorney work product doctrine or some kind of other privilege or protection? If so, provide a description of each document or item, including the number of pages; identify the custodian of said document and his or her address; identify the author of any documents and his or her address; identify the date the document was created and the name, address and phone number of each persons to whom the document or copies were transmitted; and provide a summary of the contents of the document.

   Respectfully submitted, this the 6 April 2022

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085
Telephone:    (678) 819-5200
Facsimile:    (678) 819-5276
Email:    sshea@atlantalegalcare.com

*/s/ Stephen A. Shea*
Stephen A. Shea
Georgia Bar No.:  102908
Anita M. Lamar
Georgia Bar No.: 892383
*Counsel for Plaintiff*

11

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01987-S2**
**4/6/2022 9:43 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JUNE BRISTOL,

     Plaintiff,

v.

WALMART, INC. and WAL-MART
STORES EAST, LP (DELAWARE),

    Defendants.

CIVIL ACTION  22-C-01987-S2
FILE NO.:  _____

---

### PLAINTIFF JUNE BRISTOL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANTS

COMES NOW **JUNE BRISTOL,** Plaintiff in the above-styled civil action (hereinafter, "Plaintiff"), by and through undersigned counsel, and pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, serves this request for production of documents, requesting that Defendant Walmart, Inc. and Defendant Wal-Mart Stores East, LP (Delaware) (hereinafter "Walmart Defendants" or "responding Defendants") serve the responses and materials within the time limits prescribed by law.  The responses must be supplemented by the responding Defendants to the extent required by O.C.G.A. § 9-11-26(e).

Additionally, Plaintiff hereby requests, pursuant to O.C.G.A. § 24-13-27, that the responding Defendants produce at trial all documents and materials requested below.

In responding to these requests, the responding Defendants must furnish all requested materials not subject to a valid objection which is possessed by, in the custody of, or in the control of them or any of their attorneys, consultants, representatives, or other agents.   If the responding Defendants are unable to fully respond to any of these requests, they must respond to the fullest extent possible, specifying the reasons for inability to response to the remainder.

**NOTE A**:      If any documents or things requested herein are withheld under a claim of privilege, please provide sufficient information for this office to determine whether that claim is valid and made in good faith. In this regard, please provide all information that the Court would need to rule upon your claim, which includes the following information with respect to all such information, documents or things:

(a)      The type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

(b)      The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)      A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(d)      The request numbers of each specification to which the document or thing otherwise would be responsive; and,

(e)      The number of pages of the document, if applicable.

**NOTE B**:      To the extent any document called for by these requests is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the terms listed below are defined as follows:

2

1.      The incident in which Plaintiff was injured and occurred on or about December 21, 2020, at the premises of Walmart #1720 located at 1550 Scenic Highway North, Snellville, Gwinnett County, Georgia 30078 ("incident location"), and which is at issue in this litigation, is hereinafter referred to as "the subject incident."

2.      "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

3.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

4.      "Defendant," "you," or "your" refers to, without limitation, the answering Defendant, and where applicable any predecessor, successor, attorney, agent, or representative of the answering Defendant.

5.      "Plaintiff" refers to, without limitation, the named Plaintiff, and where applicable any predecessor, successor, attorney, agent, or representative of Plaintiff.

6.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.      Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

3

## REQUESTS FOR PRODUCTION

1.

All correspondence, materials, and other document(s) that evidence, reflect, or relate to any communication between Plaintiff and responding Defendants, including but not limited to any communication between Plaintiff and responding Defendants' insurance carrier and any representative thereof.  Please note this includes, but is not limited to, the actual tape and transcription of any recorded statement(s).

2.

A copy of all records received in response to discovery or subpoenas served on any third party by responding Defendants in this case.

3.

All documents that responding Defendants contend contain support of any defense asserted by Defendants in this lawsuit.

4.

All documents that responding Defendants contend contain support of Defendants' contention that Plaintiff's claims are barred by applicable statute of limitations.

5.

If responding Defendants dispute venue, a copy of all documents and materials that support Defendants' contention that venue is improper.

6.

If responding Defendants dispute that Defendants were properly served with the subject lawsuit, a copy of all documents and materials that support Defendants' contention that service on Defendants was insufficient.

4

7.

All policies of insurance identified in Defendants' response to Plaintiff's First Interrogatories to Defendants and all policies of insurance that may provide coverage for the occurrence that is the subject of this litigation.

8.

All documents relating to any reservation of right raised by any insurer with regard to coverage in reference to the subject incident.

9.

All documents and materials sent by responding Defendants (including, but is not limited to, agents, employees, or representatives of Defendants' insurance carrier) to anyone Defendants expects to call to testify as an expert witness at the trial of this case.

10.

All investigation reports, photographs (moving or still), videotapes, or other documents of any kind which reflect or relate to the occurrence which gives rise to Plaintiff's claims or Defendants' contentions in this action or any of the facts or circumstances upon which Plaintiff's claims or Defendants' contentions are based.

11.

All written or otherwise recorded statements in connection with the subject matter of this litigation.

12.

All documents identified by Defendants in response to Plaintiff's First Interrogatories to Defendants.

13.

All documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of Defendants' responses to Plaintiff's First Interrogatories to Defendants.

14.

All witness statements taken, recorded or otherwise prepared in connection with any investigation made into the subject incident.

15.

A copy of all letters mailed to third parties (i.e., other than the Plaintiff, insured or Defendants) that relate to the subject incident.

16.

Copies of all of time records (timecards) for all of Defendants' employees at Walmart#1720 located at 1550 Scenic Highway North, Snellville, Gwinnett County, Georgia 30078, for the date of the subject incident and three months prior to the date of the subject incident.

17.

All photos, audio or videotapes, diagrams, charts, records, or other documents identified by you in response to Plaintiff's Interrogatories.

18.

Copies of all state, municipal and company incident reports or other incident records concerning trip/slip and fall incidents on Defendants' premises located at the incident location including the date of the subject incident and all previous and subsequent incidents within a 10-year range.

19.

All documents, notes, memoranda, reports, or other writings prepared by Defendants in connection with any investigation made by you into the subject incident.

20.

All documents evidencing, reflecting, relating to, or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

21.

Any maintenance, repair, or service records reflecting repairs, service, or changes to the area of the premises forming the basis of the Plaintiff's Complaint.

22.

Any and all claim forms, accident reports, incident reports, or other documentation evidencing prior or subsequent complaints, problems, injuries, trips, slips, falls, or objects falling, occurring on the premises where Plaintiff was injured.

23.

Any and all logbooks, maintenance or inspection reports, or any and all other documents of any kind or by any other name which relate in any way to the inspection or maintenance of the area in question for the 72 hours before and after the Plaintiff's injury occurred.

24.

Any and all documents, including employee handbooks, policy or procedure manuals, or videotapes, referencing Defendants' policies regarding safety, training, testing, inspecting, repairing, or maintaining Defendants' premises.

25.

Any and all Complaints initiating civil actions against you for the past ten (10) years as a result of substantially similar trip/slip-and-fall incidents.

26.

Any and all safety inspection reports completed by any of your employees, agents or independent contractors with regard to the premises at issue.

27.

Any and all internal incident reports completed by your employees, agents or independent contractors regarding substantially similar claims, complaints, or incidents for the past five (5) years.

28.

Any and all contracts or agreements entered into between the Defendant and any other individual or company and regarding cleaning, maintaining, or inspecting the premises and area forming the basis of Plaintiff's Complaint.

29.

Any and all notes, memoranda, minutes, and all other written evidence of safety meetings held by you from 2015 to the present.

30.

Any and all architectural plans, drawings or designs of the subject premises at issue.

31.

For December 21, 2020, please produce any schedules pertaining or related to the inspection of the area premises where Plaintiff slipped and fell.

32.

Produce all documents which contain or purport to contain industry standards regarding the inspection of areas that are located on the exterior premises of a facility, such as Defendants' facility located at the incident location.

33.

Any indemnity agreement between any party to this case and non-party which is relevant to the incident and injuries at issue in this lawsuit.

Respectfully submitted, this the 6 April 2022

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085
Telephone:    (678) 819-5200
Facsimile:    (678) 819-5276
Email:  sshea@atlantalegalcare.com

/s/: *Stephen A. Shea*
Stephen A. Shea
Georgia Bar No.:  102908
Anita M. Lamar
Georgia Bar No.: 892383
*Counsel for Plaintiff*

9